**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
MECHANLOO, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MECHANLOO, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>KARIM BOUMAJDI, an individual; T. NICOLAS PETER, an individual; BRH INVESTMENTS LIMITED, a California corporation; THE LITTLE DOOR CORP, a California corporation; and BA2, LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. 2:21-cv-06699<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br>2. **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**<br>3. **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; AND**<br>4. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

115163106.2

Plaintiff Mechanloo, LLC ("Mechanloo" or "Plaintiff") by and through its attorneys, asserts this Complaint against Defendants Karim Boumajdi ("Boumajdi"), T. Nicolas Peter ("Peter"), BRH Investments Limited ("BRH") The Little Door Corp ("TLDC"), BA2, LLC ("BA2") (collectively, "Defendants" or "BRH") as set forth below.

## THE PARTIES

1. Plaintiff Mechanloo, LLC is a limited liability company organized and existing under the laws of California having a principal place of business located in Los Angeles, California.

2. On information and belief, Defendant Boumajdi is an individual and a resident of Los Angeles County, California.

3. On information and belief, Defendant Peter is an individual and resident of Los Angeles County, California.

4. On information and belief, Defendant BRH is a California Corporation with its principle place of business in Pasadena, California. Defendant Boumajdi is its Chief Executive Officer.

5. On information and belief, Defendant TLDC is a California Corporation with its principle place of business in Pasadena, California. Defendant Boumajdi is its Chief Executive Officer.

6. On information and belief, Defendant BA2 is a California Limited Liability Company with its principle place of business in Los Angeles, California.

## JURISDICTION AND VENUE

7. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et. seq., federal unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq., California state statutory unfair California Business and Professions Code §§ 17200 et. seq., and California state common law unfair competition.

8. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, inter alia, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Mechanloo's state law claims pursuant to 28 U.S.C. § 1367.

9. The Court has general personal jurisdiction over Boumajdi as Boumajdi is a resident of this district.

10. The Court has general personal jurisdiction over Peter as Peter is a resident of this district.

11. The Court has general personal jurisdiction over BRH as BRH has its principal place of business in this district.

12. The Court has general personal jurisdiction over TLDC as TLDC has its principal place of business in this district.

13. The Court has general personal jurisdiction over BA2 as BA2 has its principal place of business in this district.

14. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) as this is the jurisdiction where the only defendant who is a U.S. resident resides. Venue is also appropriate under 28 U.S.C. § 1391(b)(2) as this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

**Mechanloo's THE LITTLE DOOR Restaurant and Trademark**

15. Mechanloo is a restaurateur and the owner of the renowned THE LITTLE DOOR restaurant in Los Angeles. A Michelin reviewed restaurant, THE LITTLE DOOR has been serving the Los Angeles community for over 25 years.

16. Mechanloo has invested significant time, effort, and money in advertising bar and restaurant services in association with Mechanloo's THE LITTLE DOOR trademark ("THE LITTLE DOOR Mark")

17. Through its superior quality and substantially exclusive use of THE LITTLE DOOR Mark for bar and restaurant services, consumers have come to associate THE LITTLE DOOR with the services provided by Mechanloo.

18. The trademark THE LITTLE DOOR as applied to bar and restaurant services is arbitrary, and thus conceptually strong.

19. Mechanloo has acquired significant common law rights in THE LITTLE DOOR Mark for bar restaurant services.

20. Mechanloo protects its brands by a variety of means, including but not limited to obtaining federal trademark registrations.

21. Mechanloo is the owner of United States Trademark Registration No. 3,915,841 for the non-stylized wordmark THE LITTLE DOOR for "restaurant services, including take-out and delivery catering services; providing banquet facilities for special occasions; night club and bar services" in International Class 43 (the "'841 Registration").  A copy of the Registration Certificate for the '841 Registration is attached as Exhibit A. The '841 Registration was filed on January 5, 2010, and issued on February 8, 2011. The '841 Registration claim's a date of first use in commerce of October 31, 1996. The '841 Registration is now incontestable. (Together with the common law rights in THE LITTLE DOOR, the '841 Registration and the common law rights are referred to as "THE LITTLE DOOR Mark.")

22. On information and belief, THE LITTLE DOOR is sometimes referred to as TLD by Mechanloo's customers.

115163106.2

**Defendants Boumajdi and Peter's Former Affiliation with THE LITTLE DOOR**

23.  Defendant Peter was the chief executive chef of Mechanloo's THE LITTLE DOOR restaurant for almost 24 years.

24.  In approximately October 2019, Defendant Boumajdi approached Mechanloo to become an investor in the company, but ultimately never did. Defendant Boumajdi never had an official title or official position with Mechanloo.

25.  In or around March 2020, it was discovered that Defendant Boumajdi was stealing money from Mechanloo, and was Defendant Boumajdi asked to leave.

26.  During his departure, Defendant Boumajdi convinced Defendant Peter to leave with him and open a new restaurant together.

27.  None of the defendants have legal rights or an ownership interest in Mechanloo's THE LITTLE DOOR Mark.

**Defendants Boumajdi and Peter's Infringement of Mechanloo's THE LITTLE DOOR Trademark**

28.  On information and belief, after departing from Mechanloo and THE LITTLE DOOR, Defendants Peter and Boumajdi registered the website thelittledoorrestaurant.com.  Attached as Exhibit B is a copy of the landing page of thelittledoorrestaurant.com.

29.  Featured on the website was the following logo:



Infringing TLD Logo
LEWIS ROCA
655 North Central Avenue Suite 2300 Glendale, CA 91203-1445

30. On information and belief, TLD is an acronym for THE LITTLE DOOR.

31. The bottom of the website stated that it was Copyright 2021 The Little Door Restaurant.

32. The website included numerous references to Mechanloo's THE LITTLE DOOR restaurant, including:

   a. "Mr. Abu-Majd[1] holds a special relationship to The Little Door so he partnered with Chef Nicolas to make the Little Door Food and menu accessible and also affordable as he intends to open multiple locations in the great Los Angeles County."

   b. "Experience a culinary oasis in the heart of West Hollywood, presented by kitchen veteran, Chef T. Nicolas Peter. After Two decades perfecting the art of French cooking at The Little Door, his new endeavor took him and his team to Los Angeles hotspot, Harlowe where guests are transported to the romantic countryside with rustic French, Mediterranean and Moroccan Flavors."

33. The address of the website was for Harlowe, a cocktail bar in Santa Monica, who on information and belief had hired Defendants Peter and Boumajdi for back of restaurant services.

34. After learning of Defendants' infringing use of THE LITTLE DOOR Mark, it sent a cease and desist letter to Defendants Peter and Boumajdi, as well as Harlowe.

35. On information and belief, BA2 is the owner of Harlowe.

---

[1] On information and belief, Defendant Boumajdi refers to himself as Abu-Majd, and even attempted to legally change his last name and the last name of his children to Abu-Majd. His request was denied by the court due in part to the fact that Mr. Boumajdi was charged with two felony counts of willful harm or injury to a child. The court then denied the petition for name change. A copy of the Court's February 18, 2021 order is attached as Exhibit C.

-5-

115163106.2

36. An attorney representing Harlowe/BA2 responded, stating that it had removed all references to THE LITTLE DOOR and TLD. A copy of the correspondence from Harlowe's counsel is attached as Exhibit D.

37. On information and belief, the loan out company that Harlowe's counsel was referring to, TLD, Corp. was defendant The Little Door Corp.

38. Shortly after receiving the letter from Harlowe's counsel, thelittledoorrestaurant.com website was taken down.

39. Mechanloo at that time believed that Defendants Peter and Boumajdi's infringement of Mechanloo's THE LITTLE DOOR Mark was over.

40. Mechanloo recently learned that thelittledoorrestaurant.com URL has been reactivated, and now forwards to tldrestaurant.com.

41. tldrestaurant.com includes the same basic layout, format, and content of thelittledoorrestaurant.com. A copy of the landing page for tldrestaurant.com is attached as Exhibit E.

42. tldrestaurant.com uses both a modified version of the infringing logo used by thelittledoorrestaurant.com, as well as a new version with more plain clear text:

 

**Modified Infringing TLD Logo**          **New Infringing TLD Logo**

43. tldrestaurant.com includes the same references to Mechanloo's THE LITTLE DOOR restaurant as thelittledoorrestaurant.com, including:

a. "Mr. Abu-Majd holds a special relationship to The Little Door so he partnered with Chef Nicolas to make the Little Door Food and menu accessible and also affordable as he intends to open multiple locations in the great Los Angeles County."

b. "Experience a culinary oasis in the heart of West Hollywood, presented by kitchen veteran, Chef T. Nicolas Peter. After Two decades perfecting the art of French cooking at The Little Door, his new endeavor took him and his team to Los Angeles hotspot, Harlowe where guests are transported to the romantic countryside with rustic French, Mediterranean and Moroccan Flavors."

44. On information and belief, Defendants Peter and Boumajdi, through Boumajdi's company, Defendant BRJ have recently filed a trademark application, U.S. Trademark Application Serial No. 90/752,035 (the "'035 Application") for the mark TLD for "restaurant and bar services" in International Class 43. The application was filed On June 3, 2021, on an actual use basis, claiming a first date of use in commerce of March 9, 2021. A copy TESS Printout of the '035 Application is attached as Exhibit F.

45. On information and belief, the specimen of use for the '035 Application is the website tldrestaurant.com. A copy of the specimen of use for the '035 Application is attached as Exhibit G.

46. On information and belief, despite the letter from Harlowe/BA2 indicating that all references to TLD/THE LITTLE DOOR have been removed, Harlowe/BA2 is aware of Defendants Boumajdi and Peter's continued use of TLD/THE LITTLE DOOR on tldrestauraunt.com.

47. On information and belief, Harlowe/BA2 has the ability to control the content of tldrestauraunt.com.

48. On information and belief Harlowe/BA2 is materially benefiting from Defendants Boumajdi and Peter's TLD/THE LITTLE DOOR on the website

-7-

tldrestauraunt.com thanks to the increased traffic/patronage generated from its association with Mechanloo it's THE LITTLE DOOR restaurant.

49. On information and belief, in addition to the services at Harlowe, Defendants intend on opening a number of other restaurants and/or bars that incorporate and/or use either THE LITTLE DOOR or TLD as part of the restaurant name.

50. On information and belief, at least some of these restaurants and/or bars will operate in Los Angeles County.

51. On information and belief Defendants target the same target customers for restaurant and bar services in connection with the TLD and/or THE LITTLE DOOR marks that Mechanloo targets with THE LITTLE DOOR Mark.

52. On information and belief, Defendants use the same marketing channels for restaurant and bar services in connection with the TLD and/or THE LITTLE DOOR marks that Mechanloo targets with THE LITTLE DOOR Mark, including but not limited to OpenTable.

53. Defendants' use of the TLD and/or THE LITTLE DOOR marks creates a likelihood of confusion regarding the source, origin, sponsorship, affiliation, of Defendants and the restaurant and bar services that they offer in connection with the TLD and THE LITTLE DOOR marks on the one hand, and Mechanloo and the restaurant and bar services it offers in connection with THE LITTLE DOOR Mark on the other.

54. Given Defendants Peter and Boumajdi's former affiliation with Mechanloo and its THE LITTLE DOOR restaurant, Defendants Peter and Boumajdi's use of TLD and THE LITTLE DOOR is particularly likely to cause confusion.

55. On information and belief Defendant Boumajdi has represented to third parties that he is the founder of THE LITTLE DOOR restaurant.

-8-

56. On information and belief, Defendants' infringement of Mechanloo's THE LITTLE DOOR Mark was willful, and meant to freeride on the goodwill associated with Mechanloo and THE LITTLE DOOR Mark.

57. On information and belief upon ending his association with Mechanloo, without authorization, Defendant Boumajdi took Mechanloo's entire confidential customer list for it's THE LITTLE DOOR restaurant that it had acquired from years' worth of reservations on Open Table and from other sources. This customer list required significant effort by Mechanloo to develop.

58. On information and belief, without authorization or compensation to Mechanloo, Defendant Boumajdi used the confidential customer contact information to email potential customers for his new restaurant.

59. On information and belief, Defendants benefitted financially from his misuse and misappropriation of Mechanloo's customer list.

**Instances of Actual Confusion Arising from Defendants' Infringement of Mechanloo's THE LITTLE DOOR Trademark**

60. On information and belief Mechanloo is aware of a number of incidents of actual confusion arising from Defendant's infringement of Mechanloo's THE LITTLE DOOR Mark. One of many such instances of actual confusion is detailed below.

61. On information and belief, on or about August 16, 2021, Mechanloo received a letter from Kasim Idrees of Employment Law Assist, APC that was addressed to Defendant The Little Door Corp with the attention to Nicolas Meschin who is the owner of Mechanloo. Mr. Meschin has no affiliation with The Little Door Corp.

62. The letter, which is attached as Exhibit H, is a demand letter from Karim Idrees, Esq. regarding the employment Laurence Ponzone who claims that she was underpaid while working for The Little Door Corp. and demands that Ms. Ponzone be compensated for this underpayment or be the subject of litigation.

115163106.2

63. During the timeframe indicated in the letter Laurence Ponzone did not work for Mechanloo nor Mr. Meschin. The letter was addressed to the wrong person and sent to the incorrect physical address due to confusion regarding the business name THE LITTLE DOOR CORP, and Defendants' use of THE LITTLE DOOR marks in connection with their bar and restaurant services. This confusion was further exacerbated by Defendant Boumajdi listing Mr. Meschin as one of the directors of Defendant TLDC without his knowledge, permission, or authorization in a filing with the California Secretary of State. A copy of said filing is attached as Exhibit I.

64. Defendants' use of THE LITTLE DOOR marks not only confusing, but is causing irreparable injury to Mechanloo's reputation in the Southern California community, and may lead Mechanloo's owner to be erroneously named in an employment lawsuit.

65. On information and belief Defendants newest website, tldbeverlyhills.com explicitly makes the connection between the TLD mark and Mechanloo and its restaurant, claiming that TLD was formerly known as THE LITTLE DOOR: "TLD, formerly known as The Little Door restaurant in West Hollywood, is proud to present a new location in Beverly Hills." A copy of this website is attached as Exhibit J.

## COUNT I

**(Infringement of a Federally Registered Trademark)**

**[15 U.S.C. § 1114]**

66. Mechanloo repeats and realleges the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth here.

67. The above-cited acts by Defendants constitute trademark infringement of THE LITTLE DOOR MARK in violation of 15 U.S.C. § 1114.

68. Mechanloo has been damaged by Defendants' trademark infringement by reason of the likelihood that customers, potential customers, businesses,

-10-

retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendants' and/or Mechanloo's services.

69. By reason of Defendants' actions alleged herein, Mechanloo has suffered irreparable injury to its goodwill.

70. On information and belief, Defendants' acts of trademark infringement have been willful and taken without regard to the established rights of Mechanloo.

71. On information and belief Mechanloo is aware of a number of incidents of actual confusion arising from Defendant's infringement of Mechanloo's THE LITTLE DOOR Mark.

## COUNT II

### (Unfair Competition)

### [15 U.S.C. § 1125(a)]

72. Mechanloo repeats and realleges the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth here.

73. The above-cited acts by DEFENDANTS constitute unfair competition in violation of 15 U.S.C. § 1125.

74. Mechanloo has been damaged by Defendants' trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendants' and/or Mechanloo's services.

75. By reason of Defendants' actions alleged herein, Mechanloo has suffered irreparable injury to its goodwill.

76. On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Mechanloo.

115163106.2

## COUNT III

### (Unfair Competition Under Cal. Civ. Code §17200 et seq.)

77. Mechanloo repeats and realleges the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth here.

78. The above-cited acts by Defendants constitute unfair competition in violation of California Business and Professions Code § 17200 et seq.

79. Mechanloo has been injured by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendants' and/or Mechanloo's services.

80. By reason of Defendants' actions alleged herein, Mechanloo has suffered irreparable injury to its goodwill.

81. Mechanloo has also been damaged by Defendants' use of Mechanloo's confidential customer information for which it spent significant time and resources developing and Defendants misappropriated without authorization or compensation.

82. On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Mechanloo.

## COUNT IV

### (California Common Law Unfair Competition)

83. Mechanloo repeats and realleges the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth here.

84. The above-cited acts by Defendants constitute unfair competition and passing off in violation of the California common law.

85. Mechanloo has been damaged by Defendants' unfair competition and passing off by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendants' and/or Mechanloo's products.

115163106.2

86. By reason of Defendants' actions alleged herein, Mechanloo has suffered irreparable injury to its goodwill.

87. Mechanloo has also been damaged by Defendants' use of Mechanloo's confidential customer information for which it spent significant time and resources developing and Defendants misappropriated without authorization or compensation.

88. On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Mechanloo.

## PRAYER FOR RELIEF

WHEREFORE, Mechanloo prays for:

A. A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from engaging in any further trademark infringement and unfair competition;

B. A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from using THE LITTLE DOOR, LITTLE DOOR, or TLD regardless of stylization as a trademark;

C. A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from using THE LITTLE DOOR, LITTLE DOOR, or TLD regardless of stylization a component of a business name, including but not limited to the name of a bar or restaurant;

D. A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from using Mechanloo's customer lists for any purpose and to return and not keep any copies of said lists;

115163106.2

E. A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from listing Nicolas Meschin and Frederic Meschin as being officers or otherwise affiliated with Defendants ;

F. An order requiring Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from to change the username of any social media accounts to a name that does not include THE LITTLE DOOR, LITTLE DOOR, or TLD;

G. An order to the United States Patent and Trademark Office to deny registration to United States Trademark Application No. 90/752,035;

H. An order to Defendants and any entity that they own or control to transfer the URLs thelittledoorrestaurant.com and tldrestaurant.com to Mechanloo;

I. A monetary award to compensate Mechanloo for the full value of its trademarks stolen by Defendants;

J. Disgorgement of any profits Defendants enjoyed as a result of the use of THE LITTLE DOOR Mark and/or TLD;

K. All damages sustained by Mechanloo as a result of Defendants' infringement and unlawful actions;

L. Treble damages under the Lanham Act as a result of Defendants' willful trademark infringement;

M. Recovery of any gains, profits and advantages Defendants have obtained as a result of Defendants' unlawful actions;

N. An award to Mechanloo of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

115163106.2

O.  Such other and further relief as the Court deems proper.

Dated:  August 18, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/G. Warren Bleeker
G. Warren Bleeker
Drew Wilson

Attorneys for Plaintiff
MECHANLOO, LLC

115163106.2

## JURY DEMAND

Plaintiff Mechanloo, LLC demands a jury trial on all issues for which a jury trial is permitted.

Dated: August 18, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/G. Warren Bleeker
G. Warren Bleeker
Drew Wilson

Attorneys for Plaintiff
MECHANLOO, LLC

-16-