# Exhibit A



# United States of America
## United States Patent and Trademark Office

# THE LITTLE DOOR

**Reg. No. 3,915,841**
**Registered Feb. 8, 2011**

**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

MECHANLOO, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
8164 WEST THIRD STREET
LOS ANGELES, CA 90048

FOR: RESTAURANT SERVICES, INCLUDING TAKE-OUT AND DELIVERY; CATERING SERVICES; PROVIDING BANQUET FACILITIES FOR SPECIAL OCCASIONS; NIGHT CLUB AND BAR SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 10-31-1996; IN COMMERCE 10-31-1996.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,213,191.

SER. NO. 77-905,645, FILED 1-5-2010.

CORY BOONE, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

Exhibit A
-17-

# Exhibit B



WE ARE BACK AND READY TO SERVE YOU!

**Thank you so much for your continued support!**

We are back behind the grill and ovens to bring you the meals you love. Our staff is rejuvenated and here to take care of you!

We look forward to welcoming you back.

*Chef T. Nicolas and Staff*

VISIT OUR MENU PAGE













### Karim Abu-Majd
*President/Owner*

Mr. Abu-Majd is an international investor investing in Projects in Asia, America, Europe and North Africa. His investments varies from Defense Project, Sustainable Transport Project, Biotech, Renewable Energy and Off course Hospitality, Mr. Abu-Majd holds a special relationship to The Little Door so he partnered with Chef Nicolas to make the Little Door Food and menu accessible and also affordable as he intends to open multiple locations in the great Los Angeles County.

## T. Nicolas Peter
*Executive Chef / Owner*

Experience a culinary oasis in the heart of West Hollywood, presented by kitchen veteran, Chef T. Nicolas Peter. After over two decades perfecting the art of French cooking at The Little Door, his new endeavor took him and his team to Los Angeles hotspot, Harlowe, where guests are transported to the romantic countryside with rustic French, Mediterranean, and Moroccan flavors.









### What People Are Saying

#### To chef and all the staff

★★★★★ *February 22, 2021*

Well what can we say? There aren't enough words to express our wonderment and joy of how excellent every dish on the menu is. Everything is spectacularly executed and amazing! Your thoughtfulness to everything on the menu and the food portions are out of this world. You are truly a genius and we are ... *Show more*

—The Pirsars

#### WOW!

★★★★★ *February 22, 2021*

Dessert tonight for us!! Oh my goodness. You beat this city in food in every possible way. THANK YOU!!!!

—Anonymous

### Leave A Review

*We'd love to hear from you.*

Click the button below to tell us about your recent experience with us. We truly appreciate our customers and we thank you for your support.

SUBMIT A REVIEW

---

Sign Up to Hear About Specials, Promotions, and Events.

SIGN UP NOW!

---









Copyright 2021 The Little Door Restaurant | All Rights Reserved | Powered by YAPMEDIA

# Exhibit C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
North Central District, Glendale Courthouse, Department E

20GDCP00283                                              February 18, 2021
**IN THE MATTER OF: KARIM BOUMAJADI, et al.**              8:30 AM


Judge: Honorable Curtis A. Kin               CSR: None
Judicial Assistant: M. Mort                  ERM: None
Courtroom Assistant: D. Quispe               Deputy Sheriff: None

---

APPEARANCES:

For Petitioner(s): LYSA N. DARDEN (by Video)

For Defendant(s):  No Appearances

---

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Name Change

The matter is called for hearing.

The Petition for Change of Name by petitioners Karim Boumajdi and Alice Hsu is DENIED.

This matter initially came for hearing before this Court on December 10, 2020. At that time, the Court expressed concern about granting the petition, because petitioner Karim Boumajdi sought to change his name, as well as the names of his minor children Elizabeth, Victoria, Gloria, and Alexander. Notably, the Court observed that petitioner Karim Boumajdi had been charged with two counts of willful harm or injury to child (PC 273a(a)) in a case filed on March 25, 2020 (case GA107611). The docket sheet for petitioner's criminal case reflected petitioner's plans for substantial international travel and the entry of a protective order against petitioner with respect to his children Elizabeth, Victoria, Gloria, and Alexander. The instant petition was filed on August 28, 2020, after the criminal case had been instituted.

The Court thus continued the hearing on the petition to February 18, 2021, so that petitioners could address the Court's concerns regarding petitioner Karim Boumajdi's pending felony charges for criminal conduct toward his children, his international travel, and the entry of a protective order concerning the same children whose names petitioners seek to change.

On February 17, 2021, counsel for petitioner Karim Boumajdi filed a declaration stating "the charges were dismissed." (Darden Decl. ¶ 4.) That representation, made under the penalty of perjury under the laws of the State of California, would appear to be false. The docket sheet for case GA107611 indicates that Karim Boumajdi was held to answer and is scheduled for arraignment and plea on February 26, 2021. At today's hearing, after the Court apprised counsel what the docket sheet reflected, counsel had no explanation and stated that the most serious charges of PC 273a had been dismissed. That statement to the Court during the hearing would appear to be likewise false. The docket sheet for case GA107611 indicates Karim Boumajdi was

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
North Central District, Glendale Courthouse, Department E

**20GDCP00283**                                                    February 18, 2021
**IN THE MATTER OF: KARIM BOUMAJADI, et al.**                      8:30 AM

Judge: Honorable Curtis A. Kin                    CSR: None
Judicial Assistant: M. Mort                       ERM: None
Courtroom Assistant: D. Quispe                     Deputy Sheriff: None

charged on March 25, 2020 with two counts of PC 273a(a) and held to answer as to those same counts on January 8, 2020. In addition to what is reflected in the docket sheet concerning the pending felony charges against Karim Boumajdi for willful harm to children, the docket sheet also reflects that the protective order concerning his children remains in full force and effect.

In light of all the foregoing, the Court finds there is good cause to deny the request for name change as to Karim Boumajdi and his children Elizabeth, Victoria, Gloria, and Alexander. Although the Court indicated it was willing to enter a decree changing the name of petitioner Alice Hsu, counsel indicated she would withdraw the request for that name change in light of the Court's decision not to grant the name change request as to Karim Boumajdi and his children Elizabeth, Victoria, Gloria, and Alexander. Accordingly, the Petition for Change of Name is DENIED.

Clerk shall give notice.

Certificate of Mailing is attached.

# Exhibit D

**LAUFER LAW, INC.**

THEODORE L. LAUFER
ATTORNEY AT LAW

1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 551-1111

EMAIL T@LauferLaw.net

February 24, 2021

VIA CERTIFIED MAIL AND EMAIL      [DWilson@LRRC.com]

Mr. Drew Wilson
Lewis Roca et. al.
655 North Central Avenue
Suite 2300
Glendale, CA  91203-1445

Re:    Your Reference 408712-00007
       THE LITTLE DOOR Service Mark

Dear Mr. Wilson:

By way of introduction, I represent BA2, LLC ("BA2"), doing business as HARLOWE, and am in receipt of your February 16, 2021 letter addressed to Bobby Green et. al. regarding your client's THE LITTLE DOOR service mark.

Please be advised as follows:

1.    BA2 engaged The Little Door Corp., a California corporation ("TLD Corp.") to loan out the services of executive chef Nicolas Peters and provide all food and "back of the house" services and operations for the restaurant at HARLOWE, located at 7321 Santa Monica Blvd. in West Hollywood, California ("Premises").  At no time did BA2 ever engage TLD Corp. or Mr. Peters to operate a restaurant using either THE LITTLE DOOR service mark or the acronym TLD ("TLD Acronym").

2.    On February 17, 2021, the name of the restaurant was changed to permanently remove all references to THE LITTLE DOOR and/or the TLD Acronym.

3.    From and after February 17, 2021, BA2 will not allow any person to use either THE LITTLE DOOR service mark or the TLD Acronym at the Premises or in connection with any other business owned or operated by BA2 and/or its affiliates.

4.    However, BA2 has used, and reserves the right to use, the word "LITTLE" in marks unrelated and not confusingly similar to THE LITTLE DOOR service mark; and reserves the right to use the word "DOOR" in marks unrelated and not confusingly similar to THE LITTLE DOOR service mark.

Exhibit D
-23-

5.  BA2 does not own or control the internet domain www.TheLittleDoorRestaurant.com, any internet domain incorporating THE LITTLE DOOR service mark and/or any internet domain confusingly similar thereto.  BA2 also does not own or control any internet domain incorporating the TLD Acronym and/or any internet domain confusingly similar thereto.

6.  BA2 has not, and will not, bid on any keyword or sponsored search result containing THE LITTLE DOOR service mark and/or the TLD Acronym.

7.  BA2 does not have any social media account containing THE LITTLE DOOR service mark.

8.  For a period of at least sixty days, BA2 will post a notice on its HarloweBar.com website substantially similar to the following:

    "The restaurant at Harlowe is not affiliated in any way with The Little Door Restaurant."


I believe the forgoing actions and explanations address the concerns in your letter.  If I am mistaken, I am available to discuss at your convenience.

Sincerely,

LAUFER LAW, INC.

by: _____

Theodore L. Laufer
Attorney for BA2, LLC

# Exhibit E



WE ARE BACK AND
READY TO SERVE YOU!

**Thank you so much for your
continued support!**

We are back behind the grill and ovens to
bring you the meals you love. Our staff is
rejuvenated and here to take care of you!

We look forward to welcoming you back.

*Chef T. Nicolas and Staff*

VISIT OUR MENU PAGE











**Karim Abu-Majd**

*President/Owner*

Mr. Abu-Majd is an international investor investing in Projects in Asia, America, Europe and North Africa. His investments varies from Defense Project, Sustainable Transport Project, Biotech, Renewable Energy and Off course Hospitality, Mr. Abu-Majd holds a special relationship to The Little Door so he partnered with Chef Nicolas to make the Little Door Food and menu accessible and also affordable as he intends to open multiple locations in the great Los Angeles County.

## T. Nicolas Peter

*Executive Chef / Owner*

Experience a culinary oasis in the heart of West Hollywood, presented by kitchen veteran, Chef T. Nicolas Peter. After over two decades perfecting the art of French cooking at The Little Door, his new endeavor took him and his team to Los Angeles hotspot, Harlowe, where guests are transported to the romantic countryside with rustic French, Mediterranean, and Moroccan flavors.









## What People Are Saying

### Everything was fantastic!

★★★★★  *May 17, 2021*

Everything was fantastic! Our waiter Brock was stupendous! Fun and funny and did the job superbly! The food was outrageously phenomenal. All of the staff were perfect! Scanning the evening, I literally have not one negative. The outdoor seating is fantastic! I've been going to Harlowe for a pretty long time and this was ...  *Show more*

—JDaRe

### Waiter was excellent

★★★★★  *May 17, 2021*

Our waiter was excellent. Food was very fresh and all produce seemed from the farmers market. Will definitely return.

—HannahW

SEE MORE REVIEWS

### Leave A Review

*We'd love to hear from you.*

Click the button below to tell us about your recent experience with us. We truly appreciate our customers and we thank you for your support.

SUBMIT A REVIEW

Sign Up to Hear About Specials, Promotions, and Events.

SIGN UP NOW!









Copyright 2021 TLD Restaurant | All Rights Reserved | Powered by YAPMEDIA

Exhibit F



**United States Patent and Trademark Office**

**Home** | **Site Index** | **Search** | **FAQ** | **Glossary** | **Contacts** | **eBusiness** | **eBiz alerts** | **News**

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 18 03:47:24 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |    *( Use the "Back" button of the Internet Browser to return to TESS)*

# TLD

| | |
|---|---|
| **Word Mark** | TLD |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant and bar services. FIRST USE: 20210309. FIRST USE IN COMMERCE: 20210309 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 90752035 |
| **Filing Date** | June 3, 2021 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) BRH Investments Limited CORPORATION CALIFORNIA 215 North Marengo Avenue, Suite 135 Pasadena CALIFORNIA 91101 |
| **Attorney of Record** | John H. Alspaugh, Esq. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

Exhibit F

-28-

# Exhibit G



Exhibit H

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PM 1-Day
WOODLAND HILLS, CA
91367
AUG 13, 21
AMOUNT
**$6.45**
R2303S104465-21

90048



**Click-N-Ship**

9405 5036 9930 0473 6003 79 0079 5000 0019 0048

0000

C051

**U.S. POSTAGE PAID**
Click-N-Ship®

Mailed from 91364

Expected Delivery Date: 08/16/21

UNITED STATES
POSTAL SERVICE ®

P

**PRIORITY MAIL 1-DAY™**

usps.com
$7.95
US POSTAGE
Flat Rate Env

08/13/2021

KASIM IDREES
EMPLOYMENT LAW ASSIST, APC
21781 VENTURA BLVD PMB 326
WOODLAND HLS CA 91364-1835

SHIP
TO:   NICHOLAS MESCHIN
      THE LITTLE DOOR CORP
      8164 W 3RD ST
      **LOS ANGELES CA 90048-4309**

**USPS TRACKING #**

9405 5036 9930 0473 6003 79

To schedule free
Package Pickup,
scan the QR code.




**USPS.COM/PICKUP**

UNITED STATES
POSTAL SERVICE ®

PRIORITY
MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL ®**

7020 3160 0000 8786 2565

* Domestic only

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

P S 00 00 10 00 00 14

* Date of
* USPS T
  internati
* Limited
* Pick up
* Order su
* When us
  declarat
* Domestic only



Exhibit H
-30-





* Domestic only.    ✳ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.



21781 Ventura Blvd
STE 326
Woodland Hills, CA 91364
Tel: 424-234-5229
info@employmentlawassist.com
employmentlawassist.com

08/13/2021

**_Via Certified Mail Return Receipt_**

The Little Door Corp.
Attn: Nicolas Meschin
8164 W 3rd St,
Los Angeles, CA 90048

      RE:    _Laurence Ponzone v. The Little Door Corp._

Dear Mr. Meschin:

This office has been retained by Laurence Ponzone ("Ms. Ponzone") to represent her in connection with her legal claims against The Little Door Corp ("The Little Door" or "Defendant") for violations of California Labor Code §§ 203, 204, 226, 510, 512, 1182.12, 2802 and 1194.2, Industrial Wage Commission Wage Orders, as well as the federal Fair Labor Standards Act ("FLSA").

Be further advised that the "Fair Day's Pay Act" (the "Act") went into effect on January 1, 2016. Under the Act, and pursuant to Labor Code § 558.1, the owners, directors, officers, or managing agents of an employer "may be held as liable as the employer" for the wage and hour violations of the California Labor Code asserted by an employee. Accordingly, any directors and/or officers of the Company will be held individually liable for the wage and hour violations asserted by Ms. Ponzone and the monies owed to her as a result.

**_Personnel Records_**

This correspondence shall serve as a formal request for a copy of Plaintiff's payroll and personnel records pursuant to California Labor Code §§ 226(b) and 1198.5. As evidenced by the attached Notice of Designation and Authorization, Plaintiff has authorized you to communicate with, and release information and documentation to, Employment Law Assist regarding personnel, payroll and disciplinary records. Accordingly, please send the above-referenced items to Employment Law Assist at the above address within thirty (30) days in compliance with law.

**_Preservation of Evidence_**

You are hereby on notice that Ms. Ponzone may seek discovery of any and all computers and computer networks, including any computer used as a server or in a back-up capacity, in your possession, custody and control and which contain information relevant to this case. Such computers should not be erased, reformatted or modified in any way (including but not limited to the installation of new or different operating systems and other procedures described below) that could result in the irretrievable loss of electronic data relevant to this lawsuit. If such major

Exhibit H

reformatting or modification needs to be performed during the pendency of this lawsuit, you must take steps to ensure that all relevant electronic data is preserved in a usable form.

Should Defendant fail to properly preserve electronically stored or other information/ documents relevant to this lawsuit, Plaintiff will seek maximum available sanctions for spoliation and destruction of evidence, which can include an adverse jury inference, judgment as a matter of law, monetary fines and an award of attorney's fees.

## FACTUAL BACKGROUND

On or around October 5, 2020, The Little Door hired Ms. Ponzone to serve as a manager for Defendant's Hollywood, California location. Throughout the time of her employment, Defendant misclassified Ms. Ponzone as a salaried-exempt employee by failing to pay the minimum required amount to salary exempt employees in Los Angeles, California. Ms. Ponzone generally worked six days per week and 10-14 hour shifts each day. Ms. Ponzone's duties included but were not limited to, training employees, scheduling, customer service and payroll services. As demonstrated by her job performance, Ms. Ponzone was an extremely dedicated and reliable employee. Ms. Ponzone never received write-ups and always came to work willing to perform the job. Despite working full time and overtime hours, Defendant misclassified Ms. Ponzone as salary exempt and therefore, Ms. Ponzone was not allowed to take uninterrupted 30-minute meal periods and never permitted to take 10-minute rest breaks. Ms. Ponzone would never be relieved from duties in order to take rest breaks and Defendant failed to provide coverage for her break periods. Oftentimes, Ms. Ponzone was forced to eat lunch while completing job duties and coworkers constantly interrupted her breaks.

Furthermore, Ms. Ponzone has worked a plethora of off-the-clock hours and overtime hours, however, these wages were not reflected on her paychecks. Specifically, Defendant failed to provide Ms. Ponzone overtime wages for times she worked over 8-hours per shift and/or 40 hours per week. Additionally, Management routinely tasked Ms. Ponzone to work several hours off-the-clock from home. Ms. Ponzone abided by management's request and always worked beyond the hours she was originally scheduled for despite not being compensated for those hours. On or around February 5, 2021, Ms. Ponzone was terminated from her employment with The Little Door. At the time of her separation from Defendant, Ms. Ponzone did not receive the outstanding wages that were due to her.

## LEGAL DISCUSSION

### Unpaid Wages

Currently, under California Labor Code § 1182.12 and the Industrial Welfare Commission (IWC) Minimum Wage Order for 2021, the minimum wage for all industries shall not be less than the amount of $13.00 per hour for any employer who employs 25 or less employees, and $14.00 if the employer employs more than 26 employees. The minimum wage for the year 2020 was $12.00 for employers who employ 25 or less employees and $13.00 if the employer employs more than 26

employees. The minimum wage for the year 2019 was $11.00 for employers who employ 25 or less employees and $12.00 if the employer employs more than 26 employees. Currently, the minimum wage in Los Angeles city is $15.00.

Ms. Ponzone was offered and paid $22,080.00 at an annual rate, which failed to meet the criteria for a salaried exempt employee. Ms. Ponzone worked on average an additional 5 hours per week off-the-clock from home, which Defendant failed to compensate her for. Specifically, The Little Door never compensated Ms. Ponzone for those additional hours she worked from home. Ms. Ponzone was scheduled to work at least 60 hours per week. Thus 5 hours of unpaid wages per week for four months at a rate of $22.50 an hour will equal $2,025.00 (5 hours x 18 weeks x $22.50).

Based upon the number of hours worked by Ms. Ponzone, yet, unpaid in violation of law, she is owed approximately $2,025.00 in unpaid wages at an overtime rate. Labor Code § 1194.2 provides the amount of unpaid regular wages as a penalty as liquidated damages equal to the amount of the unpaid minimum wages incurred. Therefore, The Little Door must pay liquidated damages equal to the amount of **$2,025.00** in unpaid wages for these willful violations of law.

### Unpaid Overtime Pay

Pursuant to the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. 201, *et seq*.), and Labor Code § 510, employees are entitled to overtime compensation at a rate of one and one-half (1 1/2) times their regular rate of pay for all hours worked in excess of 40 per work-week. All hours worked beyond 12 in a workday and eight on the seventh consecutive workday in a workweek are to be paid at no less than two times the normal rate of pay. A recent change under the Fair Labor Standards Act doubled the annual salary threshold to $47,476 from the former threshold of $23,660. Those employees making an annual salary below the threshold are eligible for overtime pay.

As mentioned above, during Ms. Ponzone's entire employment with The Little Door, she worked six days per week. Despite being given a certain schedule, Ms. Ponzone was specifically asked by management to work longer hours. As a result, Ms. Ponzone worked on average an extra 25 hours per week. After subtracting the eight hours worked at regular pay, Ms. Ponzone averaged approximately 25 hours of overtime per week. Therefore, you and The Little Door are liable for Ms. Ponzone's unpaid overtime pay.

Based on the foregoing, Ms. Ponzone estimates that she is owed approximately $10,125.00 for unpaid overtime wages during the statutory period (25 hours x 18 weeks x $22.50). The law terms these liquid damages pursuant to 29 U.S. Code § 216(b). These liquidated damages equal the amount of unpaid wages and/or overtime incurred. Therefore, the The Little Door must pay liquidated damages equal to the approximate amount of **$10,125.00** in unpaid wages for its repeated willful violation of law.

### Failure Provide Rest and Meal Periods

Pursuant to Labor Code § 512 and Industrial Welfare Commission ("IWC") Order 7-2001, Section 11, employers are required to provide employees a meal period of at least 30 minutes when the work period is more than five hours and a second meal period of at least 30 minutes when the work period is more than 10 hours. The employee must be relieved of all duties during this meal period. Similarly, IWC Order 7-2001, Section 12 requires employers to "authorize and permit" employees to take a 10-minute rest break every four hours of work, during which they must be relieved of all duties. *See Augustus v. ABM Security Services* (2016) 2 Cal. 5th 257*; see also Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004*.* If an employer fails to comply with the meal or rest period requirements, it must pay the employee a premium of one hour's worth of pay at the employee's regular rate for each day that the employer failed to provide a meal or period. Labor Code § 226.7(c).

In this case, The Little Door did not authorize and permit Ms. Ponzone to take regular 10-minute rest breaks during work shifts, as required by California law. In addition, Ms. Ponzone was never able to have uninterrupted 30-minute meal periods, because she was expected to assist customers and employees at all times. As a result, Ms. Ponzone is entitled to one hour of premium pay for each day she worked without a rest break and each day she worked without an uninterrupted meal break. As permitted by law, Ms. Ponzone is entitled to two hours at a regular rate of pay of $15 an hour for each day she did not receive a rest period and meal period for the 4 months of her employment. Ms. Ponzone worked approximately 106 days and is entitled to 2 hours premium pay at $15.00 an hour which entitle her to **$3,180.00** for her missed rest breaks and uninterrupted meal periods.

### Failure to Pay Timely Wages

Labor Code § 204 provides in pertinent part "all wages,…, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." In addition, Labor Code § 210, employees are entitled to recover a penalty of $100 for the initial failure to timely pay the employee all of the wages earned, and $200 for each subsequent failure to pay in compliance with Labor Code § 204, employees are entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

Here, the wages owed to Ms. Ponzone for missed rest breaks and meal periods were unlawfully withheld by The Little Door. Therefore, Ms. Ponzone is entitled to compensation for the initial violation plus the subsequent violations for the failure to pay in compliance with the Labor Code. Based on the foregoing, Ms. Ponzone estimates that she is owed approximately **$1,900.00** for the willful violations of the Labor Code ($100 (initial violation) + (9 paystubs x $200)). In addition, Ms. Ponzone is entitled to 25% of the wages unlawfully withheld, which is equivalent to **$3,832.50** (25% x $15,330.00).

### Failure to Provide Accurate, Itemized Statements

California Labor Code § 226 requires every employer, semi-monthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or

Exhibit H
-34-

cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, and (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual. Employees are entitled to $50 for the first pay period in which a violation occurs and $100 for any subsequent pay period in which violations occur, *per employee*, up to a maximum penalty of $4,000.

Here, Ms. Ponzone received wage statements that did not contain all of the requirements of California Labor Code § 226, such as all overtime hours worked, or the proper rate of overtime pay, or proper compensation for the failure to provide rest and meal periods. As a result, Ms. Ponzone is owed **$850.00** (($50 for first violation) + ($100 penalty x 8 additional pay periods)) and The Little Door is liable for penalties to all aggrieved employees who did not receive accurate, itemized wage statements.

## Waiting Time Penalty

Labor Code § 203 imposes a waiting time penalty on an employer that willfully fails to pay any earned, but unpaid, wages of an employee who is discharged or quits at a rate of one normal day's worth of pay up to a maximum of 30 days.

Here, The Little Door Corp failed to pay Ms. Ponzone all of the wages due at the time she ended her employment.  Therefore, Ms. Ponzone is entitled to a daily penalty of $120.00 ($15 per hour x 8 hours). As Ms. Ponzone never received all earned, but unpaid, wages due, she is entitled to one normal day's worth of pay up to a maximum of 30 days, or **$3,600** ($120.00 per day x 30 days). The Little Door Corp is also liable for penalties to all aggrieved employees who did not receive all earned wages due at the time of their respective separation from Defendant.

## Reasonable Attorney's Fees and Costs

Labor Code § 1194 provides in pertinent part that an "employee is entitled to recover in a civil action the unpaid balance of the full amount of … overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suits."  Labor Code § 218.5(a) provides in relevant part that, "in any action brought for the nonpayment of wages… the court shall award reasonable attorney's fees and cost to the prevailing party…" Furthermore, "[i]n civil actions brought under [FEHA], the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees." Government Code, § 12965, subd. (b). In this case, Ms. Ponzone is entitled to reasonable attorney's fees and costs, for her individual wage and hour claims. Accordingly, you and The Little Door will be held liable for Ms. Ponzone's attorney's fees and costs, which are estimated at an excess of **$20,000.00**.

## DEMAND

Notwithstanding the egregious Labor Code violations of The Little Door as a California employer, Ms. Ponzone is willing to resolve this matter amicably without resorting to litigation. In exchange for signing a California Civil Code § 1542 waiver of all claims, we request the following: a lump sum payment of wages owed totaling **$15,330.00** and penalties plus a discounted attorney's fees

of **$19,112.00** to Ms. Ponzone for a total amount of **$34,442.00** an agreement to provide a neutral reference to future employers and payment of our attorney fees.

If you also wish to resolve this matter informally prior to litigation, please contact our office in writing no later than **August 27, 2021**. If we do not receive your written response by said date, you will be served with a lawsuit asserting our client's rights for your violations of California Labor Code.

Best regards,
EMPLOYMENT LAW ASSIST, APC

Kasim Idrees, Esq.

Exhibit H
-36-

DocuSign Envelope ID: 275498C3-10AA-48C0-AFA7-B9350163300C

July 23, 2021

## NOTICE AND DESIGNATION
## AUTHORIZATION TO RELEASE EMPLOYMENT AND PAYROLL RECORDS

I hereby authorize The Little Door Corporation [EMPLOYER] to furnish to an agent, designee, or representative of Employment Law Assist APC any and all records with information regarding my employment.  This includes, but is not limited to, any documents I signed relating to obtaining and holding employment (Labor Code Sec. 432), my entire personnel file including records relating to my performance and any grievance concerning me, as well as any and all records in my personnel file used to determine my qualifications for employment, promotion, additional compensation, termination or other disciplinary action (Labor Code Sec. 1198.5), payroll records pertaining to dates of employment and time sheets (Labor Code Sec. 226) and records related to any workers' compensation claim or work injury reported by me. A document that is signed electronically shall have the same legal effect as a handwritten signature on an original paper document (CCP 1010.6).

I understand that I have a right to privacy in my employment records and workers' compensation records.  I expressly waive my right to privacy to the extent that the records are produced to Employment Law Assist APC, and I give my consent to Employment Law Assist APC, to utilize those records as they deem appropriate.

PHOTOCOPIES OF THIS AUTHORIZATION ARE TO BE DEEMED ORIGINALS.

Dated: July 23, 2021                    NAME (printed): Laurence Ponzone

                                        ┌─ DocuSigned by:
SIGNATURE: _____ Laurence Ponzone
                                        └─ C40E04C4408143C

Exhibit H
-37-

Exhibit I



## California Secretary of State
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | THE LITTLE DOOR CORP |

| | |
|---|---|
| Entity (File) Number: | C4530297 |
| File Date: | 11/21/2019 |
| Entity Type: | Corporation |
| Jurisdiction: | CALIFORNIA |
| Document ID: | GA95594 |

**Detailed Filing Information**

1. Entity Name:  THE LITTLE DOOR CORP

2. Business Addresses:
   a. Street Address of Principal Office in California:

   b. Mailing Address:  215 N MARENGO AVE STE 135
      PASADENA, California 91101
      United States of America

   c. Street Address of Principal Executive Office:  8164 W 3RD ST
      LOS ANGELES, California 90048
      United States of America

3. Officers:
   a. Chief Executive Officer:  KARIM  BOUMAJDI
      215 N MARENGO AVE STE 135
      PASADENA, California 91101
      United States of America

   b. Secretary:  NICHOLAS  MESCHIN
      215 N MARENGO AVE STE 135
      PASADENA, California 91101
      United States of America

Document ID: GA95594

Exhibit I

-38-

# California Secretary of State
## Electronic Filing

Officers (cont'd):

c.   Chief Financial Officer:

KARIM  BOUMAJDI
215 N MARENGO AVE STE 135
PASADENA, California 91101
United States of America

4.   Director:

KARIM  BOUMAJDI
215 N MARENGO AVE STE 135
PASADENA, California 91101
United States of America

Number of Vacancies on the Board of
Directors:

0

5.   Agent for Service of Process:

KARIM  BOUMAJDI
215 N MARENGO AVE STE 135
PASADENA, California 91101
United States of America

6.   Type of Business:

RESTAURANT & FOOD SERVICE

By signing this document, I certify that the information is true and correct and that I am authorized by
California law to sign.

Electronic Signature:   KARIM BOUMAJDI

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GA95594

Exhibit I
-39-

**California Secretary of State**
Electronic Filing

## Corporation - Attachment to Statement of Information

**List of Additional Directors**:

1.  FREDERIC FLORENT MESCHIN
    129 E ANAPAMU ST
    SANTA BARBARA, California 93101
    United States of America

2.  NICHOLAS  MESCHIN
    129 E ANAPAMU ST
    SANTA BARBARA, California 93101
    United States of America

3.

4.

5.

6.

7.

Document ID: GA95594

Exhibit I
Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

# Exhibit J



Our Story  Events

# Our Story



TLD, formerly known as The Little Door restaurant in West Hollywood, is proud to present a new location in Beverly Hills. Chef T. Nicolas Peter brings his 25 years of tenure at The Little Door into this latest chapter with an ever-changing seasonal menu featuring his unique Moroccan and French inspired offerings. Using only the freshest ingredients from local farmers' markets, Chef continues to deliver his own spin on traditional plates. Located on N. Cañon Drive, TLD showcases incredible views of Santa Monica Blvd on the ground level dining room and a 360° view of Los Angeles from the rooftop lounge.

Exhibit J
-41-



Exhibit J
-42-

# TLD Beverly Hills

499 N. Cañon Drive, Beverly Hills, CA 90210

info@tldbeverlyhills.com



Exhibit J
-43-